

FILED

JUN 18 2024

Clerk, U. S. District Court
Eastern District of Tennessee
At Chattanooga

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION AT CHATTANOOGA**

---

**HAMILTON BEACH BRANDS, INC.,**

     **Petitioner,**

**v.**                                          **No.:** 1:24-mc-25-CEA-CHS

**THE ESTATE OF MYRTLE IRENE MOORE,
THE ESTATE OF D'NESE LYNN MOORE, and
FRANK ODEM,**

     **Respondents.**

---

**PETITION FOR PRESERVATION OF FIRE SCENE EVIDENCE AND SUPERVISION OF
THE COURT TO SET FOLLOW UP INSPECTIONS AND TO AVOID SPOLIATION OF
MATERIAL EVIDENCE BEFORE CIVIL ACTION PURSUANT TO RULE 27 AND RULE
34 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

---

Petitioner, through undersigned counsel, pursuant to Fed. R. Civ. P. 27 and 34 states that it

expects to be a party to a civil action cognizable in this Honorable Court arising out of a house fire

that occurred in Cleveland, Bradley County, Tennessee on April 21, 2024, but is presently unable to

bring said action or cause it to be brought. Thus, Petitioner hereby brings this Petition directed to

Respondents, the Estate of Myrtle Irene Moore and the Estate of D'Nese Lynn Moore, ("the Estates")

which Decedents were citizens of the State of Tennessee and residents of Cleveland, Bradley County,

Tennessee on the date of their deaths on April 21, 2024, to preserve material physical evidence and to

avoid spoliation in order that it can be inspected and so relevant discovery, including depositions, can

eventually be taken regarding the evidence.

1

## THE PARTIES, JURISDICTION AND VENUE

1.      Petitioner, Hamilton Beach Brands, Inc., ("HBB" or "Petitioner") is a designer, marketer and distributor of small electric household and specialty housewares appliances and commercial products. HBB is incorporated in the State of Delaware and its Principal Place of Business is in Glen Allen, Virginia.

2.      The Decedents Myrtle Irene Moore and D'Nese Lynn Moore were citizens and residents of Cleveland, Bradley County, Tennessee. The amount to be in controversy in the expected civil action will be in excess of $75,000 exclusive of interest and costs. Petitioner alleges on information and belief that as of the date of this filing, no Administrators of the Estates have been appointed, but once that occurs or wills are submitted to the Probate Court of Bradley County, Tennessee, Petitioner will amend this Petition to name Administrators/Executors as additional Respondents. Attached as Collective Exhibit 1 are copies of filings by Frank Odem along with an Order entered on May 23, 2024, in the General Sessions Court -Probate Section of Madison County, Tennessee dismissing a Petition for Administration of the Estate of Myrtle Irene Moore filed by Frank Odem due to it not having been filed in Bradley County, and due to deficiencies listed in the Order by the Court. In an "Affidavit of Next Kin" filed by Frank Odem, he states that he is the next of kin and "the Biological First Cousin of D'Nese Lynn Moore." He also states that he considers Pamela Jeanine Moses his "emissary to handle this business on my behalf." A copy of this Petition is being served on Frank Odem by mail, and a copy is also being served on Pamela Jeanine Moses by mail. As of the date of filing this Petition, HBB has not been contacted by any litigation counsel on behalf of the Respondents. However, HBB's counsel have spoken with a Bradley County Probate attorney, Ms. Sally Love, who advised that she will be representing the Estates for Probate purposes and that she

plans to open Estates in Bradley County soon. A copy of this Petition is being provided to Ms. Love via email and mail.

3.       Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. section 1332 because the Petitioner is a citizen of a different state than the Respondents and the amount in controversy is in excess of $75,000 exclusive of interest and costs. Venue is proper given that the house fire occurred in Bradley County, TN, and the real and personal property to be preserved and inspected is located in Bradley County, which is located within this Judicial District. Personal jurisdiction is proper in that the legal situs of the Estates is also expected to be in Bradley County, Tennessee.

<div align="center">

**FACTS**

</div>

4.       The anticipated civil action arises out of a house fire which occurred on April 21, 2024 at the property located at 173 North Brook Drive NE Cleveland, Tennessee 37312.

5.       On information and belief, the house was owned by Decedent Myrtle Irene Moore. Attached as Exhibit 2 is a copy of the Warranty Deed on the house obtained from the Register's Office of Bradley County.

6.       Attached as Exhibit 3 is the fire Incident Report of the Bradley County Fire-Rescue department ("Incident Report"). It states that Myrtle and D'Nese Moore were taken to a local hospital and died. The Incident Report listed the area of origin as "Cooking area, kitchen." The cause of ignition, the heat source, the first item ignited, and the factors contributing to ignition were listed as "Undetermined."

7.       Before notice of this fire was given to HBB, an initial cause and origin inspection occurred on May 30, 2024, that included a cause and origin expert who had been retained by another manufacturer of small appliances. Attached as Exhibit 4 are two photographs of kitchen items that,

according to the Incident Report, were taken from the area of origin in the kitchen. The fire department had taken them outside and placed them on steps leading to an outside deck. As of May 30, 2024, the kitchen items were left in that location and exposed to the elements.

8.      After May 30, 2024, Pamela Jeanine Moses contacted HBB's consumer affairs department by email. Ms. Moses stated that, "my family was killed by your defective crockpot," and that she plans to file a claim for "product liability wrongful death" arising from the death of Decedents. Attached as Exhibit 5 are copies of the two emails.

9.      HBB has not yet had an opportunity to inspect the fire scene or kitchen items, which are presently being exposed to the weather and natural elements. Moreover, kitchen items taken from the area of origin were left sitting unsecured outside of the house.

10.     Although HBB has retained the services of the same cause and origin expert who was part of the initial inspection conducted for another appliance manufacturer, that inspection was limited and HBB has need to promptly have a follow-up inspection of the scene and the evidence left outside by the fire department. There is a very substantial need for entry of an Order preserving and safe keeping of the kitchen items left on the outside of the house as well as the entire fire scene in order that a joint follow-up inspection of the fire scene evidence can take place, and in order that the manufacturers of all of the kitchen items can hopefully be determined.

WHEREFORE, Petitioner requests that the Court enter an expedited Order to preserve all of the fire scene evidence, that the house not be demolished, or the kitchen items outside of the house not be discarded, and that those items be stored in a location authorized by the Court until further Order issues. Additionally, HBB requests that the Order set an inspection of the fire scene and the kitchen items on a date certain with notice and the ability to participate to be provided to representatives of Respondents and potentially to other interested entities.

4

## MEMORANDUM

In the case of *Martin v. Reynolds Metals Corp.*, 297 F.2d 49 (9th Cir. 1961), the 9th Circuit Court of Appeals stated that "a party may, in a proper case, proceed under Rule 27 for an order under Rule 34 without taking a deposition at all, and we think that this is such a case." *Id.* at 56. Further, the second sentence of Rule 27(a)(3), reads: "[t]he deposition may then be taken under these rules, like . . . Rules 34 and 35. The court in *Martin* goes on to say

> It may frequently occur that the only thing likely to be lost or concealed is a paper or object that should be subject to inspection, etc., under Rule 34 . . . . In such cases, the party seeking to perpetuate such evidence should not be required to couple his request with a request that a deposition be taken. We do not think that the language of amended Rule 27(a)(3) compels such a requirement. *Id.*

Therefore, cumulatively, courts can permit inspection of documents and tangible things pre-suit under Rule 27 and 34. *Id.* at 57.

Additionally, in *Hibernia Nat. Bank v. Robinson*, 67 Fed.Appx 241, 2003 WL 21108502 (5th Cir. 2003), the 5th Circuit Court of Appeals stated that the "Rule 27 petition applies also to the inspection of documents and things." *Id.* at *1 n.5. (citing Fed. R. Civ. P. 27(a)(3)). Similarly, the Fourth Circuit Court of Appeals, in *Application of Deiulemar Compagnia Di Navigazione S.p.A. v. M/V Allegra*, 198 F.3d 473 (4th Cir. 1999), observed that the discovery of evidence under Rule 27 is permissible if there is a need that "cannot easily be accommodate[.]". *M/V Allegra*, at 486 (quoting *Penn. Mut. Life. Ins. v. United States*, 68 F.3d 1371, 1375 (D.C. Cir. 1995)).

Further, Rule 34(c) allows independent action against a non-party for production of documents and things and permission to enter upon land. Fed. R. Civ. P. 34(c). For example, in *Lubrin*, the court allowed the plaintiff to enter a non-party's land to inspect the site of the accident. *Lubrin v. Hess Oil Virgin Islands Corp.*, 109 F.R.D. 403, 405 (1986). Further, in *Reilly Tar Corp. v. Burlington N.R. Co.*, 589 F.

5

Supp. 275, 278-79 (D. Minn. 1984) the court held that it could grant a discovery action seeking inspection of a non-party's land if the facts of a particular case so warrant.

According to Rule 27:

> The petition must be titled in the petitioner's name and must show: (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought; (B) the subject matter of the expected action and the petitioner's interest; (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it; (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and (E) the name, address, and expected substance of the testimony of each deponent.
> Fed. R. Civ. P. 27(a).

Petitioner here, HBB, meets all the factors under Rule 27 that permits this Court to grant HBB relief: (i) HBB expects to be a party in a wrongful death lawsuit against the Respondent Estates based on the statements and claims made by Ms. Moses, and HBB is unable to bring such action because it will be a defendant; (ii) the subject matter of the expected action would be a wrongful death action against Petitioner, that one of its products was defective and caused the fire, and HBB's interest is the preservation of evidence in connection with its defense from those potential claims; (iii) HBB desires to establish certain facts with regard to the cause and origin of the fire and deaths of Decedents through the proposed testimony and production of the tangible things at the fire scene; (iv) the names or description of the persons HBB expects will be adverse parties are the Estates; and (v) the names, addresses, and expected substance of the testimony and production of tangible items has been identified above.

Respectfully submitted this 17th day of June, 2024

Respectfully submitted,

**ADAMS AND REESE LLP**

_____

Philip Kirkpatrick (BPR No. 006161)
1600 West End Ave., Ste. 1400
Nashville, Tennessee 37203
(615) 259-1450
phil.kirkpatrick@arlaw.com
*Attorneys for Petitioner*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing document was served on the parties or counsel below as indicated.

Frank Odem
1324 ½ N. Royal St.
Jackson, Tennessee 38301-3657
*Via FedEx Overnight*

Sally Love
223 Harle Ave NW
Cleveland, Tennessee 37311-4935
*Counsel for Next of Kin of the Estates of
Myrtle Irene Moore and D'Nese Lynn Moore
Via FedEx Overnight & Email*

The Estate of Myrtle Irene Moore
173 North Brook Drive NE
Cleveland, Tennessee 37312
*Via U.S.P.S. Priority, Return Receipt Requested*

The Estate of D'Nese Lynn Moore
173 North Brook Drive NE
Cleveland, Tennessee 37312
*Via U.S.P.S. Priority, Return Receipt Requested*

Pamela Jeanine Moses
804 Holly Street
Memphis, Tennessee 38112
*Via FedEx overnight*

Dated: June 17, 2024

_____

Philip Kirkpatrick

7

## VERIFICATION

STATE OF VIRGINIA
COUNTY OF Henrico

I Michael Sandford state that the facts stated in the foregoing Petition are true and correct to the best of my knowledge, information and belief.

Michael Sandford, PE
Group Manager, Product Integrity
Hamilton Beach Brands, Inc.

Sworn to and subscribed before me this 17th day of June , 2024.

Notary Public

My Commission Expires: Feb. 28, 2025

Andrew Morris
Commonwealth of Virginia
Notary Public
Commission No. 7932110
My Commission Expires 02/28/2025

DOCKET NO: _____ DEPUTY CLERK

STATE OF TENNESSEE )

COUNTY OF MADISON )

Pursuant to **T.C.A. §30-2-301(b)(1)**, as Personal Representative of this estate, I certify that the following people have been notified that they are beneficiaries of this estate by:

_X_ Sending them a copy of the Letters of Administration, because no Will exists.

The following people have been notified (attach additional pages, if necessary):

**NAME**                                    **ADDRESS**

1. _____          _____
2. _____          _____
3. _____          _____
4. _____          _____

**EXPLANATION**

**NAME**

I was unable to locate the following people because:

I am not required to notify the beneficiaries because:  I am the sole heir of the estate.

I, FRANK ODEM under Oath and state the foregoing information is true.

Sworn to and subscribed before me,

on, MAY 14th 2024.

_Kelsi Williams_

KELSI WILLIAMS
STATE
OF
TENNESSEE

EXHIBIT
1

IN THE MATTER OF

BY: _____
CLERK &
DEPUTY CLERK

**MYRTLE IRENE MOORE**

DOCKET NO: _____

**Deceased**

In accordance with T.C.A. §30-1-111, I, **FRANK ODEM**, do solemnly swear or affirm that I will honestly and faithfully perform the duties as Personal Representative in the above referenced estate to the best of my ability and knowledge; and I do solemnly swear or affirm that all statements in the Petition about me are true and accurate and I am not disqualified because of having been sentenced to imprisonment in a penitentiary as set forth in T.C.A. §40-20-115 or otherwise;

SO HELP ME GOD.

Signature of Affiant: x _____

Address of Affiant: 12344 M Road St 38301
Jackson, Tenn

Sworn to and subscribed before me, this 14th day of May , 20 24 .

_____ Robin Williams
TENNESSEE NOTARY PUBLIC / DEPUTY CLERK

My Commission Expires: 09/23/2085

STATE OF TENNESSEE
NOTARY PUBLIC
MADISON COUNTY

3

F O R ESTATE OF: MYRTLE IRENE MOORE )

NO. _____

## WAIVER OF BOND

I FRANK ODEM , being a beneficiary of the Estate MYRTLE IRENE MOORE of do hereby waive the requirement of bond in the administration of the estate by the Personal Representative.

This 8TH d a y of MAY 2024.

14th

X _____
PETITIONER

FILED

TIME: _____ A.M. 2:15 P.M.

MAY 1 4 2024

PAM CARTER
CLERK & MASTER

BY: _____

DEPUTY CLERK

In The Matter of The Estate of
Decedent

MYRTLE IRENE MOORE

1. Petitioner(s)     FRANK ODEM

Relationship of Petitioner(s) to Decedent NEPHEW

2. Decedent     04/21/2024     at the age of 95 at CLEVELAND, TENNESSEE
                 Date                                    City & State

Decedent died on _____     _____ IN _____ _____
                                          City        State      Zip Code

Decedent's residence at time of death was

_____
Social and Number

3. Personal Representative(s)
Petitioner(s) seek to have FRANK ODEM
appointed as personal representative(s) for this estate and verily believe said person(s) stand ready, willing and qualified to undertake the office as required by law
and will furnish bond as directed by the COURT.

4. Heirs & Disability

4(a) Decedent's heirs are

| Name | Age | Relation | Mailing Address | Zip Code |
|------|-----|----------|-----------------|----------|
| FRANK ODEM | | NEPHEW | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

4(b) Decedent's heirs who are under a disability are:

4(c) There is/is not a Conservatorship/Guardianship matter, pending or resolved with Docket No.:

| 5. Value | Estimated fair market value of | ☐ non-probate assets | Personalty. |
|----------|-------------------------------|---------------------|-------------|
| | | | Realty in |

AFFIDAVIT OF NEXT OF KIN

The undersigned, being first duly sworn, deposes and says:

1. That, I Frank Odom, resident of Jackson Madison County, TN, is the next of kin of D'Nese Lynn Moore, who died on or about the 21 day of April, 2024.

2. That the decedent did not leave a surviving spouse and this affidavit is to clarify and certify the next of kin for Myrtle Irene Graham Moore and D'Nese Moore residence of Cleveland Bradley County, Tennessee.

3. That no personal representative has been appointed for the decedent's estate in this state or elsewhere and no application for such an appointment is pending in this state or elsewhere.

4. That this affidavit is made in support of the undersigned's request for the release of medical records and all property and documents, correspondences, mail at the residence of 173 North Brook NE, Cleveland, Tennessee 37312.

5. Due to advanced age with health concerns, I prefer not to travel and consider Pamela Jeanine Moses a Tennessee, as my emissary to handle this business on my behalf regarding this tragic unexpected loss of life in our family. She has my permission to act on my behalf at this time.

Further, your affiant sayeth naught.

x _____
SIGNATURE

PRINTED NAME: Frank Odom resident of Jackson Madison County, Tennessee
RELATIONSHIP: Biological First Cousin of D'Nese Lynn Moore son of paternal of Alexander Moore

Subscribed and sworn to before me on the 29 day of April _____, 2024.

Notary Public Signature: _____



VIOLA O. ELLISON
STATE
OF
TENNESSEE
NOTARY
PUBLIC
SEAL
COUNTY OF MADISON
MY COMM. Expires MARCH 14, 2026

**IN THE GENERAL SESSIONS COURT OF MADISON COUNTY, TENNESSEE,
AT JACKSON – DIVISION II – PROBATE SECTION**

In the Matter of:

    The Estate of Myrtle Irene Moore,      Case No. 24-19645

          Deceased.



## ORDER DISMISSING PETITION FOR ADMINISTRATION OF THE ESTATE OF MYRTLE IRENE MOORE

      This cause came on to be heard on the sworn incomplete Petition of Frank Odem for Administration of the above decedent's estate filed on May 14, 2024.  Upon review of the file, the court hereby dismisses the Petition for the following reasons:

      1.     Pursuant to TCA § 30-1-301, the Petition is to be filed in the county in which the decedent resided at her death.  Petitioner resided in Bradley County, Tennessee at the time of her death.

      2.     The Petition does not include the required information listed in TCA 30-1-117; therefore is not complete. The residence for the deceased is not provided; no heirs are listed or their ages, relation to the deceased, or mailing addresses given including Frank Odem, the Petitioner; no assets are provided; and bond cannot be waived by the Petitioner.   Further, the Petitioner has not attached proof he is eligible to serve by including that he is not a convicted felon or if he has misdemeanors on his record pursuant to TCA 30-1-117(10).

3.    The property included in the Petition located at 107 Glass Street was purchased on July 22, 1954. It can be sold pursuant to the Bradley County Court allowing Madison County to exercise Ancillary Jurisdiction.

For the foregoing reasons, the Court hereby dismisses the Petition filed by Frank Odem.

SO ORDERED this 23rd day of _____, 2024.

_____
JUDGE CHRISTY R. LITTLE

## CERTIFICATE OF SERVICE

I, Leigh A. Ingram, hereby certify that on the 23rd day of May, 2024, I mailed a copy of this Motion to the following persons:

Frank Odem
1324 ½ N. Royal St.
Jackson, TN 38301

_____
LEIGH A. INGRAM,
Administrative Assistant

| SAB:mds | Property Address: | 173 North Brook Drive, NW | ( XX ) Improved Property |
| TIC # 93-7088F | | Cleveland, TN 37312 | ( ) Unimproved Property |

| ADDRESS OF NEW OWNER(S)<br>M. Irene Moore | SEND TAX BILLS TO<br>SunTrust Mortgage, Inc. | MAP PARCEL NUMBER<br>D-3M-35I-Gr-I-P-72 |
|---|---|---|
| 173 North Brook Dr., NE | P.O. Box 100100 | |
| Cleveland, TN 37312 | Atlanta, Ga 30348 | |

# WARRANTY DEED

**FOR AND IN CONSIDERATION** of the sum of Ten Dollars ($10.00) and other good and valuable considerations,

--------------------------------------------------------------------

--------------------------------------------------------------------

-- the receipt and sufficiency of which are hereby acknowledged,

RONNIE BALL And wife, LINDA BALL

hereinafter referred to as Grantor, whether one or more, does hereby sell, assign, transfer and convey unto

M. IRENE MOORE, Unmarried

hereinafter referred to as Grantee, whether one or more, the following described real estate, to wit:

LOCATED IN THE THIRD CIVIL DISTRICT OF BRADLEY COUNTY, TENNESSEE:
LOT FOURTEEN (14), NORTH BROOK, as shown by plat of record in Plat Book 6,
page 111, in the Register's Office of Bradley County, Tennessee.

Being the same real estate conveyed and recorded in Deed Book 347, page 519,
in the said Register's Office.

SUBJECT to restrictive covenants as set out in instrument recorded in Misc.
Book 164, page 338, with exceptions in Deed Book 347, page 519, in the said
Register's Office.
SUBJECT to Setbacks as noted on plat and Bradley County Health Department
letter attached to plat.
SUBJECT to Fifteen (15) foot drainage/utility easement along all street lines
as noted on plat.
SUBJECT to Ten (10) foot drainage/utility easement along all lines forming
outside boundary of subdivisionf as noted on plat.
SUBJECT to Five (5) foot drainage/utility easement along all other lot lines
as noted on plat.
SUBJECT to any governmental zoning and subdivision ordinances or regulations
in effect thereon.

The Grantee herein assumes and agrees to pay all taxes assessed against said real
estate for the year 1993.

**TO HAVE AND TO HOLD** the said real estate unto M. IRENE MOORE, Unmarried

Grantee, his heirs, successors and assigns, forever in fee simple. Grantor covenants and represents that Grantor is lawfully seized and possessed of said real estate, that Grantor has full power and lawful authority to sell and convey the same, that title to said property is free, clear and unencumbered, except as hereinabove set forth, and that Grantor will forever warrant and defend the same against all lawful claims.

**IN WITNESS WHEREOF,** Grantor has executed this deed on the ___25th___ day of ___June___, 19_93_.

_Ronnie Ball_
RONNIE BALL

_Linda Ball_
LINDA BALL

883

Prepared by: STEVE A. BOVELL
Attorney at Law
7405 Shallowford Road
Suite 540
Chattanooga, TN 37421

<div style="border:2px solid black">EXHIBIT<br>2</div>

STATE OF __TENNESSEE__

COUNTY OF __BRADLEY__

On this __25th__ day of __June__, 19 __93__, before me personally appeared __Ronnie Ball and wife, Linda Ball__, to me known to be the person(s) described in and who executed the foregoing instrument and acknowledged that they executed the same as their free act and deed.

*Leslie C. Wiley*
Notary Public

__May 3, 1995__
My commission expires:

---

STATE OF _____

COUNTY OF _____

On this _____ day of _____, 19 _____, before me personally appeared _____ _____, to me known to be the person(s) described in and who executed the foregoing instrument and acknowledged that they executed the same as their free act and deed.

_____
My commission expires:

Notary Public

---

STATE OF _____

COUNTY OF _____

On this _____ day of _____, 19 _____, before me personally appeared _____ with whom I am personally acquainted and who upon oath acknowledged himself to be the _____ of _____
the within named bargainor, a _____ corporation, and that he as such _____ being authorized so to do, executed the foregoing instrument for the purposes therein contained by signing the name of the corporation by himself as _____

_____
My commission expires:

Notary Public

**TRANSFERRED** *6-29-93*
STANLEY M. THOMPSON, ASSC. OF PROPERTY
**BRADLEY CO., CLEVELAND, TN**

---

STATE OF __TENNESSEE__

COUNTY OF __BRADLEY__

I hereby swear or affirm that the actual consideration for this transfer or the value of the property transferred, whichever is greater is __$73,900.00__.

Subscribed and sworn to before me this __25th__ day of __June__, 19 __93__

*M. Irene Moore*
Affiant

*Leslie C. Wiley*
Notary Public

__May 3, 1995__
My commission expires:

---

STATE OF TENNESSEE, BRADLEY COUNTY
The foregoing instrument and certificate were noted in Note Book __14__ Page __191__ at 1 __4__ O'Clock __M__ 6-29 19 __93__ and recorded in __DB__ Book __350__ Page __383__ State Tax Paid $ __273.43__ Fee __1.00__ Recording Fee __8.00__ Total $ __282.43__ witness my hand Receipt No. __15671__

Odell Swafford, Register

**884**



**Bradley County Fire-Rescue**
**260 Inman Street East**
**Cleveland, Tennessee 37311**
**(423) 728-7067**

| Incident Report:  2401023 |
|:---:|

| Basic Information |
|:---:|

| Incident Number | Date/Time | Exp # | Incident Type |
|---|---|---|---|
| 2401023 | 04/21/2024 | 0 | 111 - Building fire |

**Times:**

| Dispatch/Alarm | Enroute | Arrival | Controlled | Last Unit Cleared |
|---|---|---|---|---|
| 04/21/24 11:23:39 | 04/21/24 11:24:29 | 04/21/24 11:29:22 | | 04/21/24 13:21:08 |

**Location:**

173 NORTH BROOK DR NE, CLEVELAND, TN 37312

| Details |
|:---:|

| | | | |
|---|---|---|---|
| **Alarms:** | 1 | **District:** | 10 |
| **Shift:** | 3 | **Township:** | Cleveland |
| **Station:** | Station 10 | **Census Tract:** | |

| | |
|---|---|
| **Property Use:** | **Haz Mat Release:** |
| 419 - 1 or 2 family dwelling | |
| **Mixed Use Property:** | **Detector Status:** |
| | 2 - Detector did not alert occupants |

| Estimated Dollar Value and Losses |
|:---:|

| | PRE-INCIDENT VALUES | LOSSES |
|---|---|---|
| **Property** | $120000 | $60000 |
| **Contents** | $15000 | $10000 |

Case 1:24-mc-00025-CEA-CHS   Document 1   Filed 06/18/24   Page 18 of 29   PageID #: 18

## *Incident Actions*

22 - Rescue, remove from harm
81 - Incident command
11 - Extinguishment by fire service personnel

## Responding Apparatus and Personnel

### 800

**Primary Use at this Incident:**     1 - Suppression

| Dispatch | Enroute | Arrival | Cleared | In Quarters |
|----------|---------|---------|---------|-------------|
| 04/21/24 11:23:39 | 04/21/24 11:24:29 | 04/21/24 11:29:22 | 04/21/24 13:21:08 | |

**Personnel Responding on: 800**

Crumley, Dray                         Captain

### ENGINE-10

**Primary Use at this Incident:**     1 - Suppression

| Dispatch | Enroute | Arrival | Cleared | In Quarters |
|----------|---------|---------|---------|-------------|
| 04/21/24 11:23:39 | 04/21/24 11:24:29 | 04/21/24 11:29:22 | 04/21/24 13:21:08 | |

**Personnel Responding on: ENGINE-10**

Rogers, Caven                         Firefighter
Alderman, Ken                         Engineer

### ENGINE-11

**Primary Use at this Incident:**     1 - Suppression

| Dispatch | Enroute | Arrival | Cleared | In Quarters |
|----------|---------|---------|---------|-------------|
| 04/21/24 11:23:39 | 04/21/24 11:24:29 | 04/21/24 11:29:22 | 04/21/24 13:21:08 | |

**Personnel Responding on: ENGINE-11**

Gilreath, Zachary                     Engineer
Wilson, Colby                         Firefighter

### ENGINE-13

**Primary Use at this Incident:**     1 - Suppression

| Dispatch | Enroute | Arrival | Cleared | In Quarters |
|----------|---------|---------|---------|-------------|
| 04/21/24 11:23:39 | 04/21/24 11:24:29 | 04/21/24 11:29:22 | 04/21/24 13:21:08 | |

**EXHIBIT 3**

| Personnel Responding on: ENGINE-13 | |
|---|---|
| Mullins, Anthony | Engineer |
| Davis, Claude E | Lieutenant |

## ENGINE-5

**Primary Use at this Incident:** 1 - Suppression

| Dispatch | Enroute | Arrival | Cleared | In Quarters |
|---|---|---|---|---|
| 04/21/24 11:23:39 | 04/21/24 11:24:29 | 04/21/24 11:29:22 | 04/21/24 13:21:08 | |

| Personnel Responding on: ENGINE-5 | |
|---|---|
| Womac, Dylan | Firefighter |
| Watson, Randy | Lieutenant |

## Rescue 8

**Primary Use at this Incident:** 1 - Suppression

| Dispatch | Enroute | Arrival | Cleared | In Quarters |
|---|---|---|---|---|
| 04/21/24 11:23:39 | 04/21/24 11:24:29 | 04/21/24 11:29:22 | 04/21/24 13:21:08 | |

| Personnel Responding on: Rescue 8 | |
|---|---|
| James, Wyatt | Firefighter |
| Rogers, Keegan | Firefighter |

| *Actions Taken by Apparatus* |
|---|

**Apparatus: 800**

**Apparatus: ENGINE-10**

**Apparatus: ENGINE-13**

**Apparatus: ENGINE-5**

**Apparatus: Rescue 8**

**Apparatus: ENGINE-11**

Case 1:24-mc-00025-CEA-CHS   Document 1   Filed 06/18/24   Page 20 of 29   PageID #: 20

## Apparatus and Personnel Counts

| | Suppression | EMS | Other |
|---|---|---|---|
| **Apparatus** | 6 | 0 | 0 |
| **Personnel** | 11 | 0 | 0 |

## Fire Details

### Property Details

**Total Number of Buildings Involved in Fire:** 1      **Acres Burned:**

**Is it a Residential Property?:** True

     **If True, Number of Residential Units:** 1

### Ignition

**Area of Origin:** 24 - Cooking area, kitchen

**Type of Material:** UU - Undetermined

**Heat Source:** UU - Undetermined

**Cause of Ignition:** 2 - Unintentional

**Item First Ignited:** UU - Undetermined

### Factors Contributing to Ignition

UU - Undetermined

### Human Factors Contributing to Ignition

N - None

### Equipment Details

**Equipment Involved:**

     **Brand:**                 **Serial Number:**

     **Model:**                 **Year:**

**Equipment Power Source:**

**Equipment Portability:**

## Structure Fire Details

### Structure Details

**Structure Type:** 1 - Enclosed building      **Main Floor Size:**

Case 1:24-mc-00025-CEA-CHS    Document 1    Filed 06/18/24    Page 21 of 29    PageID #: 21

**Building Status:** 2 - In normal use

**Building Height - Above Grade:** 1

**Building Height - Below Grade:** 1

**X**

**OR**

1600 **Sq. Ft.**

### Fire Origin

**Floor of Origin:** 1

**Fire Spread:** 2 - Confined to room of origin

### Number of Stories Damaged by Flames

**Minor:** 1     **Heavy:**

**Significant:**     **Extreme:**

### Flame Spread

**Item Contributing to Spread:**     UU - Undetermined

**Material Contributing to Spread:**     UU - Undetermined

| Detectors |
|---|

**Detector Presence:**     1 - Present

### Detector Details

**Type:**     1 - Smoke       **Power:**     2 - Hardwire only

**Operation:**     U - Undetermined       **Effectiveness:**

**Detector Failure Reason:**

| AES - Automatic Extinguishing System |
|---|

**AES Presence:**     N - None Present

### AES Details

**Type:**                                 **Number of Sprinklers**

**Operation:**

**AES Failure Reason:**

| Owner Person / Entity |
|---|

| Insurance Policies |
|---|

**Policy Type**         **Company Name**         **Policy Number**

| Narratives |
|---|

**Title:**     2401023

Case 1:24-mc-00025-CEA-CHS   Document 1   Filed 06/18/24   Page 22 of 29   PageID #: 22

**Narrative:**

B.C.F.R. DISP TO 173 NORTH BROOK DRIVE ON A CONFIRMED STRUCTURE FIRE. ENG-10 ON
SCENE ADVISED SMOKE SHOWING. 800 ( CAPT. CRUMLEY ) ON SCENE COMMAND. ENG-10
ENGINEER ESTABLISHED WATER SUPPLY QUICKLY AT A HYDRANT IN THE FRONT YARD.
SMOKE WS SHOWING FROM THE C SIDE AND ROOF LINE OF STRUCTURE. ENG-10 DEPLOYED
HAND LINE TO THE FRONT DOOR. CAPT. CRUMLEY OPENED THR FRONT DOOR WHICH WAS
UNLOCKED TO LOOK IN. NO FIRE PRESENT FROM THE FRONT DOOR BUT DID HAVE HEAVY
SMOKE INSIDE. CRUMLEY CALLED OUT " FIRE DEPARTMENT " WITH NO RESPONSE. ENG-11
AND RESCUE 8 WAS ARRIVING ON SCENE WHILE COMMAND PERFORMED A 360. CRUMLEY
OPENED THE BACK DOOR OF THE STRUCTURE WHICH WAS UNLOCKED, BUT THE DOOR ONLY
OPENED ABOUT FOUR INCHES DUE TO MATERIALS INSIDE THE KITCHEN. HE SAW FIRE IN
THE STOVE AREA AND SPREADING INTO THE CABINETS AND CEILING.WHEN ENG-13 ARRIVED
ON SCENE COMMAND SENT A HOSE TEAM INSIDE TO SUPPRESS THE FIRE. ALSO SENT A TWO
MAN CREW INSIDE ON A RIGHT HAND SEARCH AND A TWO MAN CREW INSIDE ON A LEFT
HAND SEARCH. THE RIGHT HAND SEARCH TEAM ADVISED THEY FOUND TWO UNCONCIOUS
FEMALE VICTIMS INSIDE A BEDROOM ON THE C SIDE OF THE STRUCTURE. ALL INSIDE
MEMBERS MADE THEIR WAY TO THE VICTIMD TO ASSIST IN RESCUE FROM STRUCTURE.
VICTIMS WERE BROUGHT OUTSIDE WHERE B.C.F.R, B.C.D.O., AND B.C.E.M.S. PERFORMED
CPR AND LIFE SAVING PROCEDURES. VICTIMS WERE LOADED INTO AMBULANCES AND
TRANSPORTED TO TENNOVA. FIRE CREWS WERE ABLE TO SUPPRESS FIRE AND CHECK FOR
EXTENSION TO OTHER PARTS OF THE STRUCTURE. CREWS VENTILATED STRUCTURE AND
PERFORMED FURTHER FIRE EXTENSION AND FOUND NONE. ALL UNITS IN SERVICE AND
COMMAND TERMINATED.

Captain Dray Crumley

04/22/2024

Initial Observations

I Fire Marshal Johnny Stokes responded to the scene of the fire this morning and arrived at
08:00am.Upon The exterior of the home it appeared to have no fire or smoke damage to the
home. The windows appeared to have been smoked up from the interior of the home. They
were 2 vehicles sitting in the drive way of he home on the south end (B side) of the structure.
The south end of the home consisted of 2 garage doors in the basement area of the home. The
southwest side of the home (C side)had a back porch being built of wood. It had a back set of steps
leading up to porch and rear door.The north side of the home (D side) had no windows or
doors. The front of the home (A side) had a small front porch and several windows in the front
living room are. They appeared to have black sut on them from the fire. I spoke with Cpt.
Crumley who had arrived to speak with me about the fire and the condition of the home.

Internal Observations

Upon entrance to the home at the front door (A side) the door would not fully open because of
the condition of the room. There was clothes, boxes and etc. covering the floors making it hard
to walk. The fire had not got to that area of the home. Upon making entry into the kitchen area
of the home located on the southwest corner (B,C side)and being able to see the stove and
fridge the kitchen area was also covered with clothes , boxes etc. It was hard to walk through all
areas of the home because of the condition of the home. In our case it appeared to be a
hoarder home.There was a small path all the way through the home that we could see. The
kitchen cabinets appeared to have been involved in fire conditions with several pots, pans, deep
fryer(110 volt), and a Crock Pot (110 volt) units were located on counter top beside stove. Upon
the initial investigation it appeared the fire had started in that location. The stove top was
checked for the knobs and oven appeared in good condition. Upon examining the units on the
counter top it appeared to have been unattended food that started the fire. The fire will be
listed as accidental in nature.There was still meat in the crock pot during the examination. All
other  leads came back to the kitchen area. There was charring on the kitchen cabinets and
under the cabinets where the fire is believed to have started.

The homes interior was checked for any further fire extension and we had none.The home did
have a smoke detector unknown if it worked. It was located in the hall way of the home.It
needed a power source to work no battery.The home was totally covered with material things so

Case 1:24-mc-00025-CEA-CHS   Document 1   Filed 06/18/24   Page 24 of 29   PageID #: 24

just a path to the bedrooms and bathrooms. Pictures are also available for this Incident for an explantation of the content.

Synopsis of Observations

it is believed to be that the fire started in the kitchen on the counter top in the home and progressed up into the cabinets. The fire was extinguished quickly when the fire department arrived on scene. the interior of the home was searched and 2 females were located in the back bedroom along the north west side (C, D corner)side of the home. The females were located in a sitting chair with one female laying across the other. EMS had arrived a began life saving techniques to try and revive them. They were both transported to the local hospital and then pronounced deceased. It is believed that the daughter of the mother of the home had realized there was a fire and tried to get her mother and herself out. It appeared upon the initial response that they were down because of smoke inhalation.

TheBradley County Fire Marshals Office along with Bradley County Sheriff's Office and The DA's office is trying to locate family members to notify of this event. It is also believed at the time of this report there is no other family members to be known.

Fire Marshal
Johnny Stokes
423-790-2446
jstokes@bradleycountytn.gov

Case 1:24-mc-00025-CEA-CHS   Document 1   Filed 06/18/24   Page 25 of 29   PageID #: 25

| Authorization |
|---|

**Report Completed:** 4/22/2024

**Member Making Report:**                    Crumley, Jeremiah D.
**Member Making Report Assignment:**

**Officer In Charge:**                        Crumley, Jeremiah D.
**Officer In Charge Assignment:**

**Reviewed By:**     Stokes, Johnny              **Reviewed Date:**     4/22/2024



EXHIBIT
4



# REDACTED

**Pamela Moses**
Sunday 11:02
My family was killed by your crockpot in a house fire I wish to file a claim for product liability wrongful death
------------------
:                               ://hamiltonbeach.com/customer-service


IMG_3126
JPEG


**Pamela Moses**
Yesterday 10:35
Yes the end was called they were pronounced dead I would like my claim escalated to your legal department or your wrist management. My family was killed by your defective crockpot. 804 holly street Memphis Tn they died in Cleveland TN please give me a call at +19013299992

EXHIBIT
5

1