# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

HAMILTON BEACH BRANDS, INC.,    )
                *Petitioner*,      )
                           )
v.                         )     No. 1:24-mc-25-CEA-CHS
                           )
The Estate of Myrtle IRENE Moore,   )
The Estate of D'Nese LYNN Moore, and )
Frank Odem,               )
               *Respondents*.   )

## ORDER GRANTING HAMILTON BEACH BRAND'S
## RULE 27 PETITION FOR PRESERVATION OF EVIDENCE

      This matter is before the Court upon Petitioner, Hamilton Beach Brands, Inc.'s ("Petitioner" or "HBB") Petition for Preservation of Fire Scene Evidence [Doc. 1], pursuant to Federal Rules of Civil Procedure 27 and 34 ("Petition"). Based upon representations of counsel, the Court makes the following findings:

      1.     Pursuant to Rule 27 of the Federal Rules of Civil Procedure, the Court has authority to grant a party's request to preserve and perpetuate deposition testimony or physical evidence under Rule 34, before a civil action is filed. *Application of Deiulemar Compagnia Di Navigazione S.p.A. v. M/V Allegra*, 198 F.3d 473 (4th Cir. 1999); *Penn. Mut. Life Ins. v. United States*, 68 F.3d 1371, 1375 (D.C. Cir. 1995); *Martin v. Reynolds Metals Corp.*, 297 F.2d 49 (9th Cir. 1961).

      2.     The court "must issue" an order preserving the evidence, "if satisfied that perpetuating the testimony may prevent a failure or delay of justice." Fed. R. Civ. P. 27(a)(3)*.* The "nature and quality of evidence" that satisfies the court of the need of the order is in the Court's discretion. *In re Bay County Middlegrounds Landfill Site*, 171 F.3d 1044, 1046 (6th Cir. 1999). Moreover, if evidence is "absolutely unique and relevant to the potential suit" the standard of Rule 27(a) is met. *Id.* at 1047

1

3.     The factors provided in Rule 27 for consideration of an order preserving evidence are not sacrosanct and any procedural deficiencies in a petition need not be fatal to the request. *In re Bay County*, at 1046; *Application of Deilumar Di Navigazione S.p.A.*, 153 F.R.D. 592, 593 (E.D.La. Feb. 22, 1994).

4.     The Court restates HBB's Petition in pertinent part: a house fire that occurred on April 21, 2024, at 173 North Brook Drive, NE, Cleveland, Bradley County, Tennessee 37312 resulted in two deaths: Myrtle Irene Moore and her daughter, D'Nese Lynn Moore. Bradley County Fire-Rescue department responded to the fire and identified the area of origin as "Cooking area, kitchen." The Fire-Rescue department moved several kitchen items from the fire's area of origin in the kitchen to outside the house and placed them on the steps leading to an outside deck.

5.     Myrtle Moore was the owner of the property.

6.     HBB was contacted by an individual identified as Pamela Moses, who stated to HBB that her family "was killed by your defective crockpot," and she threatened "to file a claim for product liability wrongful death" arising from the deaths of Myrtle and D'Neese Moore. Additionally, a Frank Odem asserted in a petition in the probate court of Madison County, Tennessee, that he was the next of kin of D'Neese Moore, and that Pamela Moses was his "emissary." That petition was dismissed. The Court further understands that there appears to be some dispute between some clients of probate attorney Sally Love. Ms. Love has advised HBB's counsel that certain members of the Moore family dispute whether Ms. Moses has authority to act on behalf of the Estates of the decedents. Counsel for HBB understand that Ms. Moses, on information and belief, may have the only key to the house. Attached as Collective Exhibit 1 to this Order are a copy of a cease and desist letter from Ms. Love to Ms. Moses that Ms. Love provided by email to counsel for HBB, on June 26, 2024, and a copy of that email from Ms. Love

2

referring to the cease and desist letter as well as a homeowners insurance policy and claim with Farm Bureau Insurance Company. HBB will notify Farm Bureau Insurance Company of this proceeding with a copy of this Order after entry, along with a copy of the Petition. Farm Bureau Insurance Company is not to conduct any fire scene examination or otherwise alter the condition of the property without notice to HBB and HBB's ability to participate in such a scene examination or document the condition of the property before it is altered.

7.      As of July 2, 2024, the Court is not aware of any probate estate for the Moores having been opened or administrator appointed, although Ms. Love has stated that she will be filing probate papers on behalf of both Estates soon. Therefore, presently, it appears that the individual who has authority to exercise control and possession to the real and personal property of Myrtle Moore, including the house, is not presently identifiable.

8.      However, the Court finds that potentially significant evidence related to the cause and origin of the fire, and consequently, any potential lawsuit related to the deaths of Myrtle and D'Nese Moore, exists at the house. Furthermore, pieces of significant evidence, specifically including but not limited to the items left on the exterior stairs, are unsecured and exposed to weather, possible destruction, and potential theft.

9.      The Court finds and concludes, therefore, that given the pending threat of litigation, the lack of clear legal possession of property and potential disputes relating thereto, and the significance and centrality of the evidence that potentially relates to the cause and origin of the fire, the evidence of the fire should be preserved and perpetuated. Furthermore, not permitting the preservation of such evidence would be a failure of justice.

10.     HBB's Petition has satisfied the procedural factors set forth in Rule 27(a)(1)(A). Notwithstanding the lack of clarity as to the present owner of the house, HBB has taken reasonable

steps to attempt to provide notice to all potentially interested family members of the Moores of which HBB is aware, including to probate counsel Sally Love, who has advised HBB counsel that she will be representing the two Estates for probate purposes for clients of hers who are members of the Moore family. HBB has also given notice to Ms. Moses and Mr. Odem. In addition, HBB believes that manufacturers and/or sellers of three other electric items in the area of origin in the kitchen are identifiable as a General Electric Appliances range/stove, a General Electric legacy branded radio, and what appears to be a Welbilt brand bread maker machine. HBB will promptly notify those companies of this proceeding with copies of the filings to date, so that they can participate in the joint inspection if they desire to do so. However providing such notice will not delay the gathering and storage of the items left on the back steps by the fire department.

11.     The Court further finds that HBB's Petition has demonstrated the subject matter of the evidence and its interest in the preservation thereof. The Court is satisfied that HBB's Petition shows that the interests of justice warrant the prompt preservation of the fire scene and evidence.

12.     Further, the Court finds that the 21-day notice period of Rule 27(A)(2) may be modified in the Court's discretion and that the circumstances described herein justify a modification of that period.

For the foregoing reasons, it is **ORDERED** that:

1.  Petitioner, Hamilton Beach Brands, Inc.'s Petition for Preservation of Fire Scene Evidence [Doc. 1] to allow Petitioner to preserve and inspect the real property at 173 North Brook Drive NE, Cleveland, Bradley County, Tennessee 37312, and all personal property or other potential evidence therein related to the cause and origin of the fire is **GRANTED**.

2.  Prior to the Court Ordered Inspection and upon issuance of this Order, HBB is hereby authorized to have Wright Fire and Forensics ("WFF") of Nashville, Tennessee, take possession of all of the fire damaged evidence on the back deck steps, to document what it consists of, and to store it in their location in a climate controlled space until the Court Ordered Inspection, at which time WFF shall return those items back to the kitchen of the house for use in the Court Ordered Inspection.

4

a. Such evidence or potential evidence of the cause and origin of the fire; and presently outside the house and reasonably movable; include the kitchen items on the deck stairs namely the remains of a slow cooker, and the remains of a bread making machine.

b. The items identified in paragraph a, above, shall be preserved and secured as follows: they shall be emptied of any water and each item shall be placed in a large, hard-shelled, plastic storage container (one item per container); desiccant packets should be added to the storage container; the container be sealed with duct tape; the container shall be stored in a secure, climate-controlled area. HBB will file written notice of the location of the containers.

c. If the house is not yet boarded up, Servpro of Bradley County shall be hired by HBB to do so to prevent vandalism until further Order of the Court.

d. At the conclusion of the Joint Inspection, as is hereinafter Ordered, any items of evidence that the participating cause and origin experts want to be preserved and stored, shall be promptly delivered to WFF, which will take custody of all preserved items of evidence from the fire scene, including taking the outside kitchen items back into its custody to be held until such time as this Court may Order or the applicable parties agree.

3. HBB shall conduct an inspection of the fire scene to attempt to determine the cause and origin of the fire and to identify and preserve any pertinent items of interest for examination in more detail, including possibly in a laboratory, at a later date   The Joint Inspection shall be conducted pursuant to the protocol established herein and the guidelines outlined in National Fire Protection Association Standard 921, Guide for Fire and Explosion Investigations.

4. HBB shall cause to be delivered to all Respondents as well as the other companies identified hereinabove a copy of this Order once entered by the Court, and if they desire to have a representative and cause and origin expert participate in the Joint Inspection, they may do so on the date hereby set by the Court. However, if they do not appear and participate, they will not be heard to complain that they have in any way been prejudiced by not participating. The Joint Inspection shall be conducted on August 15, 2024, commencing at 8:30 a.m. Eastern Time, and if necessary to be completed, shall carry over to August 16, 2024, at the location of the house.

5. Scott Barnhill, Investigative Forensic Specialists, PLLC, 8801 Westgate Park Drive, Ste. 102, Raleigh, North Carolina will be an expert for HBB.

6. In addition the Court directs HBB to hire a second cause and origin expert to accompany observe, and participate with Mr. Barnhill in the Joint Inspection. That expert will be James W. Gault of Technifire Services Company, Inc., 2010 Walnut Street, Signal Mountain, Tennessee.

7. This protocol is general in nature, and all conditions cannot be accounted for and deviations from the steps below may occur with consensus of all participating cause and origin experts.

   a. The scene inspection, examination and collection of evidence will be performed as outlined in NFPA 921, and in accordance with the scientific method of investigation and other acceptable references and guidelines.

   b. The only individuals permitted to enter the house for the Inspection are (i) counsel for HBB; (ii) Michael Sanford, Group Manager, Product Integrity for HBB; (iii) Scott Barnhill, (iv) James Gault (v) any other attorney representing a Respondent or other interested party; (vi) any other expert retained by a Respondent or other interested party; (vii) the videographer.

   c. Individuals attending the inspection must identify themselves on a sign-in sheet and the party they represent. A copy of the sign-in sheet will be provided to all participants as soon as practicable.

   d. Each Participant is responsible for their own safety equipment.

   e. The Joint Inspection shall be video recorded by a third-party videographer. Unless otherwise directed by the Court, no audio will be recorded. HBB will retain a copy of the video until further Orders of this Court or agreement by eventual applicable parties, and HBB will file a flash drive containing the video with the Court.

   f. The home's doors are locked. HBB will take reasonable efforts to identify the key holder and obtain permission to access the house from the key holder (with or without use of the key) and before or at the start time of the inspection. If the key holder is unable to be identified or unwilling to provide the key to allow access, HBB is hereby authorized to employ a licensed locksmith to remove and replace the lock at least 2 business days before the Joint Inspection. HBB shall not be required to make any key replacement available to any third party without an order of this Court.

   g. Participants will be given time to visually inspect, document and photograph the exterior and interior of the fire scene. This initial inspection, documentation and photographing is to be performed without moving anything.

   h. Accessibility to some parts of the structure is limited due to extensive clutter in the home. The Participants will discuss and agree on how to gain access to areas of limited accessibility.

   i. An identified area of interest for this fire investigation is the kitchen. The kitchen shall be inspected as follows:

6

      i.     General documentation of kitchen without moving anything.

     ii.     Remove, in a systematic manner, the blown-in insulation and sheetrock that has fallen from the ceiling and attic area. Photograph, examine and document.

    iii.     Remove debris from the kitchen floor in a systematic manner. Identify items of interest and set them aside. Photograph, examine and document.

    iv.     Remove debris from the kitchen countertops and range (oven) cooktop in a systematic manner. Identify items of interest and set them aside. Photograph, examine and document.

     v.     Examine range. Photograph, examine and document.

    vi.     Examine and document base cabinets and hanging cabinets. Identify items of interest and set them aside.

   vii.     Reposition/reconstruct items of interest on countertops and cooktop. Photograph, examine and document.

  viii.     Examine and document kitchen electrical outlets.

    ix.     Based off observations made to this point in the investigation, identify and execute additional activities.

     x.     Trace electrical branch circuit for countertop outlet to right of range and other electrical branch circuits as necessary.

    xi.     Document outlets of interest, then label, remove and preserve countertop outlets to right of range and others as necessary.

   xii.     Evaluate items of interest from prior steps and identify items for preservation based on participating investigator consensus.

  xiii.     Package items for preservation.

  xiv.     Identify and execute any additional activities.

j.   An additional area of interest for the Joint Inspection is the electrical panel box. The electrical panel box shall be inspected as follows:

      i.     Document panel.

     ii.     Remove cover.

7

  iii.  Document panel interior.

  iv.  Identify, remove and preserve circuit breakers for branch circuits as necessary.

  v.  Identify and execute any additional activities.

  vi.  Package items for preservation.

h. An additional area of interest for the Inspection are any smoke detectors. Any smoke detectors shall be inspected as follows:

  i.  A mounting plate consistent for a smoke alarm is located in the hallway. The device is not attached to the base. The Fire Department photos provide partial views of the device.

  ii.  Search for device.

  iii.  Photograph, examine and document device, mounting plate and wiring pigtail.

  iv.  Preserve device, base and wiring pigtail.

i. Additional potential areas of interest may be identified and an inspection executed thereof.

j. The fire scene, house, and all evidence or other items that have been removed from the property and are or will be in the possession of one or more of the aforementioned entities will remain under the control of the Court and may only be entered upon, examined, inspected, tested, moved, or conveyed (for any reason) pursuant to future orders of this Court.

8. Following the filing of this Order, Petitioner shall serve this Order on the following persons:

  Frank Odem
  1324 ½ N. Royal St.
  Jackson, Tennessee 38301-3657
  *Via FedEx 2Day*

  Sally Love
  223 Harle Ave NW
  Cleveland, Tennessee 37311-4935
  *Counsel for Next of Kin of the Estates of*
  *Myrtle Irene Moore and D'Nese Lynn Moore*
  *Via FedEx 2Day*

The Estate of Myrtle Irene Moore
173 North Brook Drive NE
Cleveland, Tennessee 37312
*Via U.S.P.S.*

The Estate of D'Nese Lynn Moore
173 North Brook Drive NE
Cleveland, Tennessee 37312
*Via U.S.P.S.*

Pamela Jeanine Moses
804 Holly Street
Memphis, Tennessee 38112
*Via FedEx 2Day*

**SO ORDERED**.

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE