UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| HAMILTON BEACH BRANDS, INC., | ) |
| *Petitioner*, | ) Case No. 1:24-mc-25 |
| v. | ) Judge Atchley |
| | ) Magistrate Judge Steger |
| THE ESTATE OF MYRTLE IRENE MOORE, *et al.*, | ) |
| *Respondents*. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court are Magistrate Judge Steger's Report and Recommendation [Doc. 32] recommending that this case be dismissed and Pamela Moses's "Motion Pursuant to Court Seeking Leave to File" [Doc. 33] requesting that the Court permit her to file objections to the Report and Recommendation. For the following reasons, Ms. Moses's Motion [Doc. 33] is **DENIED** and the Report and Recommendation [Doc. 32] is **ACCEPTED** and **ADOPTED**.

### I.  BACKGROUND

This action was brought pursuant to Federal Rule of Civil Procedure 27 to preserve physical evidence relating to an April 21, 2024, house fire that claimed the lives of Myrtle Irene Moore and D'Nese Lynn Moore. [Doc. 1]. Hamilton Beach Brands, Inc. ("HBB") filed this action after it received two emails from Ms. Moses indicating that she believed an HBB product had caused the fire and that she intended to file a wrongful death and product liability lawsuit against HBB. [*See id.*]. Because Ms. Moses sent these initial emails and because Frank Odem, a purported next of kin, identified Ms. Moses as his "emissary," HBB mailed a copy of its Rule 27 Petition to Ms. Moses out of an abundance of caution. [*See id.*]. Although the Petition did not list Ms. Moses as a respondent (or a party in any sense), she nonetheless took her receipt of the Petition and her

status as an "emissary" to mean that she was free to act as counsel for Mr. Odem and the decedents' estates. As the actual parties to this proceeding—and the Estates' real counsel—went through the process of preserving and reviewing evidence, Ms. Moses began filing motions with the Court. [*See* Docs. 5, 22–23]. Each was denied on the ground that Ms. Moses—who is not a licensed attorney—is not authorized to represent the interests of individuals and/or entities other than herself before this Court. [Docs. 8, 29–30]. After the last of these motions was resolved and the applicable limitations period for a claim against HBB had run, HBB filed a status report stating that there was no longer a reason for this miscellaneous case to remain open. [*See* Doc. 31]. Considering this report and all the information in the record, Magistrate Judge Steger entered a Report and Recommendation on June 3, 2025, recommending that this case be dismissed. [Doc. 32].

Before this Report and Recommendation was entered, Ms. Moses was "permanently enjoined from filing any new petitions or complaints in this Court or from making any new filing in any cases that have been closed without first seeking and obtaining the Court's permission to file in a separate case." *In re Pamela Moses*, 1:25-mc-22, Doc. 1 (E.D. Tenn. May 12, 2025) (emphasis omitted). Now, in an attempt to comply with the terms of that injunction, Ms. Moses has filed a "Motion Pursuant to Court Seeking Leave to File" requesting that the Court permit her to file objections to the Report and Recommendation. [Doc. 33]. No other party has filed any objections to the Report and Recommendation, and the time for doing so has since passed.

## II.     LAW AND ANALYSIS

Before addressing the Report and Recommendation, the Court must first determine whether Ms. Moses is permitted to object to it. For the following reasons, the Court finds that she is not.

HBB argues that the Court should deny Ms. Moses permission to file because she has failed to support her motion with the supporting documentation required by the filing injunction.[1] [Doc. 35 at 1–2]. Although HBB is correct that Ms. Moses has failed to properly support her Motion, [*see* Docs. 33–33-3], it is not clear to the Court that the filing injunction applies to her proposed objections given the odd procedural posture of this case. This, however, is little more than an academic point as Ms. Moses may not file her proposed objections for other reasons.

First and foremost, Ms. Moses cannot object to the Report and Recommendation on behalf of either the Estates or any of the decedents' blood relatives like Mr. Odem because she is not a licensed attorney, and "[a] pro se litigant cannot represent another party in federal court." *Gorbe v. City of Lathrup Vill.*, No. 21-1532, 2022 U.S. App. LEXIS 11685, at *10 (6th Cir. Apr. 28, 2022). Federal law permits parties to "plead and conduct their *own* cases personally" but it does not authorize non-lawyers to represent other individuals or entities before the Court. 28 U.S.C. § 1654 (emphasis added); *see also Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("Although 28 U.S.C. § 1654 provides that 'in all courts of the United States the parties may plead and conduct their own cases personally or by counsel,' that statute does not permit plaintiffs to appear pro se where interests other than their own are at stake."). This is true regardless of the

---

[1] Pursuant to the filing injunction, Ms. Moses must submit the following documents for the Court's consideration to obtain permission to file.
    a. A copy of this Order;
    b. A declaration prepared pursuant to 28 U.S.C. § 1746, or a sworn affidavit, certifying that:
        i. The petition, complaint, or other document raises a new issue which has never been previously raised by Ms. Moses in this or any other court;
        ii. The claims asserted in the petition, complaint, or other document are not frivolous; and
        iii. The petition, complaint, or other document is not filed in bad faith.
    c. A statement that lists:
        i. The full caption of each and every suit that has been previously filed by Pamela Moses or on her behalf in any court against each and every defendant named in any new suit he wishes to file; and
        ii. The full caption of each and every suit that he has filed that is currently pending
*In re Pamela Moses*, 1:25-mc-22, Doc. 1 at 4–5 (E.D. Tenn. May 12, 2025).

relationship between the pro se individual and the party to be represented. *See, e.g., id.* (holding that a pro se individual cannot bring an action on behalf of an estate where he is not the estate's sole beneficiary); *Olagues v. Timken*, 908 F.3d 200, 202 (6th Cir. 2018) (holding that a non-lawyer cannot represent a company pro se); *Chukwuani v. Solon City Sch. Dist.*, No. 19-3574, 2020 U.S. App. LEXIS 12863, at *4 (6th Cir. Apr. 21, 2020) (holding that non-lawyer parents may not represent their children pro se). Prohibiting non-lawyers from representing others in federal court serves an important purpose. It "protects the rights of those before the court by preventing an ill-equipped layperson from squandering the rights of the party he purports to represent." *Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015) (internal quotation marks omitted).

Here, Ms. Moses is not admitted to practice before this Court, nor does she appear to have a license to practice law in Tennessee or elsewhere. Accordingly, she cannot file objections to the Report and Recommendation on behalf of either the Estates or the decedents' blood relatives. The Court recognizes that Ms. Moses wants to know what caused the fire that killed her friends and that she wants to support the family through this difficult time. These desires, however, do not give her the ability to practice law before this Court.

Perhaps recognizing this, Ms. Moses also appears to bring her proposed objections based on her personal interests as a creditor of the Estates. [Doc. 34 at 3]. Ms. Moses is allowed to pursue her own interests as a pro se litigant, 28 U.S.C. § 1654, but this not mean that her proposed objections are properly before the Court. Federal Rule of Civil Procedure 72(b)(2) authorizes *parties* to object to a Magistrate Judge's Report and Recommendation. As Ms. Moses is not a party to this case, she cannot object to the Report and Recommendation. *See* FED. R. CIV. P. 72(b)(2). Furthermore, to the extent that Ms. Moses intended her proposed objections to also function as a motion to intervene (which would make her a party if successful), such a motion would be

4

meritless because Ms. Moses's interests as a creditor are unaffected by this case. Simply put, the evidence collected and preserved by these Rule 27 proceedings has no effect on whether Ms. Moses will be able to recover any debts owed to her by the Estates. Consequently, there are no grounds for her to intervene. *See* FED. R. CIV. P. 24 (stating when intervention is available either as of right or permissively).

Considering the foregoing, the Court finds that it cannot consider Ms. Moses's objections irrespective of whether she has complied with the terms of the filing injunction. Accordingly, Ms. Moses's Motion seeking permission to file objections to the Report and Recommendation is **DENIED**. Therefore, the Court treats the Report and Recommendation as unobjected to. Nevertheless, the Court has reviewed the Report and Recommendation, as well as the record, and agrees with Magistrate Judge Steger's well-reasoned conclusions. Accordingly, the Court **ACCEPTS** and **ADOPTS** Magistrate Judge Steger's findings of fact and conclusions of law as set forth in the Report and Recommendation.

### III. CONCLUSION

For the foregoing reasons, Ms. Moses's Motion [Doc. 33] is **DENIED** and the Report and Recommendation [Doc. 32] is **ACCEPTED** and **ADOPTED**. This matter is hereby **DISMISSED**. The fire-scene evidence preserved for purposes of the previously conducted Joint Inspection can be disposed of after thirty days from the entry of this Memorandum Opinion and Order. Additionally, this Memorandum Opinion and Order is not the first time that the Court has informed Ms. Moses that she cannot represent others before this Court. [*See* Docs. 8, 29–30]. It is, however, the last. Ms. Moses is hereby placed **ON NOTICE** that future attempts to represent other individuals and/or entities before this Court will result in sanctions. The Court has been tolerant

5

Case 1:24-mc-00025-CEA-CHS    Document 37    Filed 07/23/25    Page 5 of 6    PageID #: 180

of Ms. Moses's behavior due to her pro se status, but it cannot continue to allow her to impermissibly attempt to represent others in the federal courts.

There being no more matters to resolve, the Clerk is **DIRECTED** to close the file. A separate judgment will enter.

**SO ORDERED.**

/s/ *Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**